IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND S. PRATT, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | No. 11-1346 |
| Defendants. | : | |

MEMORANDUM

Schiller, J.                                                                                                              April 23, 2013

Raymond Pratt, proceeding pro se, brings federal constitutional claims and state law claims against Police Officers Justin Rios and Sammy Brinson. Before the Court is Defendants' supplemental motion for partial summary judgment. For the reasons set forth below, Defendants' motion is granted.

I.      BACKGROUND

Plaintiff's claims arise out of his arrest on January 14, 2011. (Defs.' Concise Statement of Material Facts [Defs.' SOF] ¶¶ 1-3.) While Defendants were engaged in a vehicle stop, Plaintiff approached their patrol car. (*Id.* ¶ 3.) After he approached the patrol car, Plaintiff claims Defendants assaulted him, arrested him without probable cause, placed him in excessively tight handcuffs, and drove him around for hours in the patrol car while Plaintiff was in an uncomfortable position. (*Id.* ¶¶ 5, 7.) In contrast, Defendants claim that Plaintiff approached the patrol car then failed to move away from it after they requested that he do so. (Decl. of Police Officer Sammy Brinson ¶¶ 5-7; Decl. of Police Officer Justin Rios ¶¶ 5-7.) Plaintiff yelled at Defendants, refused to calm down, and acted in a disorderly fashion. (Decl. of Police Officer

Sammy Brinson ¶¶ 9-12.) Defendants then arrested Plaintiff, but claim that Plaintiff's handcuffs were not uncomfortably tight. (*Id.* ¶ 16.) As a result of the incident, Plaintiff received a citation for disorderly conduct. (Defs.' SOF ¶ 7.) However, following a trial in which Defendants testified, the disorderly conduct charges were subsequently dismissed by the Municipal Court of Philadelphia County on June 7, 2011. (Pl.'s Aff. in Supp. of Motion Papers Ex. E [State Court Docket].)

On February 22, 2013, the Court denied Plaintiff's motion for summary judgment and granted Defendants' first partial summary judgment motion. *Pratt v. City of Phila.*, Civ. A. No. 11-1346, 2013 WL 654400 (E.D. Pa. Feb. 22, 2013). On February 27, 2013, at Plaintiff's request, the Court continued the trial, and allowed the parties to file supplemental motions for summary judgment. Defendants filed a supplemental motion for partial summary judgment on March 5, 2013, seeking to dismiss Plaintiff's concerted action and conspiracy claims. Plaintiff did not respond to the supplemental motion by the Court's deadline.

II.     **STANDARD OF REVIEW**

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When the moving party bears the burden of persuasion at trial, it must identify evidence in the record establishing the absence of a genuine dispute of material fact. *Nat'l State Bank v. Fed. Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir. 1992). When the moving party does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving

party's evidence is insufficient to carry its burden of persuasion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thereafter, the nonmoving party demonstrates a genuine issue of material fact if sufficient evidence is provided to allow a reasonable finder of fact to find for the nonmoving party at trial. *Anderson*, 477 U.S. at 248.

In reviewing the record, a court must "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 216 (3d Cir. 2010) (internal quotation marks omitted). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *See Petruzzi's IGA Supermarkets, Inc. v. Darling-Del. Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993).

## III. DISCUSSION

Plaintiff brings common law conspiracy and concerted action claims. The elements of civil conspiracy in Pennsylvania are: (1) two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. *Phillips v. Selig*, 959 A.2d 420, 437 (Pa. Super. Ct. 2008). "[P]roof of malice or an intent to injure absent justification is [also] essential to a claim for civil conspiracy." *PNC Bank, N.A. v. PECO Energy Co.*, Civ. A. No. 06-14594, 2010 WL 5861105, at *109 (Ct. Com. Pl. Montgomery Cnty. June 11, 2010) (citing *Miller v. Post Publ'g Co.*, 110 A. 265 (Pa. 1920)). At the summary judgment stage, a plaintiff must adduce evidence of each element of a conspiracy claim and must make

"more than generalized and conclusory allegations." *See Nowicki v. First Union Nat'l Bank*, Civ. A. No. 01-763, 2004 WL 960001, at *5 (Ct. Com. Pl. Phila. Cnty. Apr. 15, 2004). A plaintiff must "adequately state[] the conduct, time, place, and persons responsible." *See Adams v. Teamsters Local 115*, 214 F. App'x 167, 175 (3d Cir. 2007).

Under a theory of concerted action, one is subject to liability for a harm resulting from the tortious conduct of another if he: (1) does a tortious act in concert with the other or pursuant to a common design with him; or (2) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so conduct himself; or (3) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person. *See Burnside v. Abbott Labs.*, 505 A.2d 973, 982 (Pa. Super. Ct. 1985). To survive a summary judgment motion, a plaintiff must point to evidence showing a common scheme or substantial assistance to another to accomplish a tortious act. *See Mellon v. Barre-Nat'l Drug Co.*, 636 A.2d 187, 190 (Pa. Super. Ct. 1993).

Plaintiff alleges common law conspiracy and concerted action by Defendants to conceal police brutality and police corruption directed against Plaintiff. However, other than conclusory statements, Plaintiff fails to provide any support for his allegations that Defendants participated in a conspiracy, worked in concert, or performed any act to conceal improper treatment of Plaintiff. (*See* Second Am. Compl. ¶ 185 ("[T]he allegations . . . demonstrate material fact allegations of manifestations of the willful misconduct and actual malice of named-defendants' common law conspiracy and concerted action to conceal police brutality and police corruption against Pratt . . . ."); *id.* ¶ 186 (accusing all original defendants of "conspir[ing] to conceal in

4

continuous violations of Pratt's civil rights and constitutionally protected rights").) He does not offer any details about the conduct, time, or place of any collusion or "substantial assistance." Plaintiff fails to provide any affidavits, correspondence, or other documents obtained through discovery to support his claims. Likewise, Plaintiff never specifies what underlying tort Defendants worked in concert to commit. Without some facts or support regarding the collusion between Defendants, or details about their collusion with others, the claims cannot survive summary judgment. *See Watson v. Sec'y Pa. Dep't of Corr.*, 436 F. App'x 131, 137 (3d Cir. 2011) (affirming dismissal of conspiracy claim because plaintiff claimed there was a "conspiracy" but failed to plead an actual agreement between the parties); *Milhouse v. Bledsoe*, Civ. A. No. 09-1953, 2011 WL 332417, at *6 n.5 (M.D. Pa. Jan. 31, 2011) (dismissing claims when defendant's "bare accusations of conspiracy [were] not supported by the facts in the record, which [did] not contain any proof of an agreement between any of the Defendants"); *Mellon*, 636 A.2d at 190 (affirming grant of summary judgment on concerted action claim because plaintiff provided no evidence of a common plan or substantial assistance). Therefore, the Court dismisses the concerted action and conspiracy claims.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendants' supplemental motion for partial summary judgment. An Order consistent with this Memorandum will be docketed separately.